**IN THE DISTRICT COURT OF THE VIRGIN ISLANDS
DIVISION OF ST. THOMAS AND ST. JOHN**

| | |
|---|---|
| **IVY MOSES, KALEEN MOSES, KARRIS MOSES, and MELANIE MOSES,** ) ) ) **Plaintiffs,** ) ) v. ) ) **JEROME LAKE,** ) **Defendant.** ) ) | Case No. 3:22-cv-0063 |

**ORDER**

**BEFORE THE COURT** is Defendant Jerome Lake's Motion to Dismiss the Amended Complaint for lack of diversity jurisdiction, filed on January 7, 2023. (ECF No. 22.) Plaintiffs filed an opposition on January 26, 2023. (ECF No. 23.) Defendant filed a reply on February 21, 2023. (ECF No. 28.) For the following reasons, the Court will deny the motion.

**I. PROCEDURAL BACKGROUND**

This case involves a disputed portion of land on neighboring properties. On October 21, 2022, Plaintiffs commenced this action to quiet title, for adverse possession, and conversion. Plaintiffs alleged that Defendant purchased the Lake Property, Parcel No. 22-I Enighed, in 2015 for $300,000.00. (Compl. ¶ 8.) According to Plaintiffs, the fence surrounding the Moses Property may encroach on Parcel No. 22-I "over a span of roughly 50 feet, possibly encroaching as much as roughly 32 feet with the possible encroachment progressively narrowing to an undisputed point." (*Id.* ¶ 12.) Plaintiffs further alleged that the Moses family has continuously occupied the Moses Property since the late 1980s and the Moses Property has been fenced during the entire time. (*Id.* ¶¶ 10, 13.)

In October 2022, Defendant surveyed the Lake Property for the first time and alleged that the fence surrounding the Moses Property for more than 25 years, encroached onto the Lake Property. (*Id.* ¶ 25.) Defendant's agents began excavating the Lake Property, destroyed the fence enclosing the Moses Property and "excluded Plaintiffs from the disputed portion." (*Id.* ¶ 26.) Plaintiffs asserted that the Moses family routinely made improvements to the land

enclosed by the fence, including the home, construction, landscaping, and gardening. (*Id.* ¶ 29.)

Plaintiffs filed the complaint alleging diversity jurisdiction. On November 7, 2022, the Court directed Plaintiffs to file a supplemental brief addressing whether and how the amount-in-controversy requirement for federal diversity jurisdiction is met in this case. (ECF No. 8.) Plaintiffs filed their brief conceding that the replacement value of the destroyed fence does not exceed $75,000 but asserting that the value of the fence is irrelevant because they pled punitive damages in relation to the conversion claim, which satisfies the amount in controversy requirement. (ECF No. 9 at 1-2.) Plaintiffs also asserted that the jurisdictional threshold is independently satisfied by the value of the disputed land because Plaintiffs seek declaratory and injunctive relief and, although their claims concern only a portion of Defendant's property, disposition of the claims necessarily requires judgment on the entirety of the boundaries of the Lake Property. (*Id.* at 2-3.) Thereafter, Plaintiffs filed a First Amended Verified Complaint, adding a "Self-Help Ejectment" cause of action pursuant to 28 V.I.C. § 781 in the alternative to other causes of action. (ECF No. 21.) The instant motion followed.

## II. LEGAL STANDARD

Diversity jurisdiction exists in civil actions between citizens of different states "where the matter in controversy exceeds the sum or value of $75,000." 28 U.S.C. § 1332(a). A party invoking diversity jurisdiction "bears the burden to prove, by a preponderance of the evidence, that the amount in controversy exceeds $75,000." *Auto-Owners Ins. Co. v. Stevens & Ricci Inc.*, 835 F.3d 388, 395 (3d Cir. 2016). The amount alleged in good faith in the complaint controls and dismissal is only warranted if it "appear to a legal certainty that the claim is really for less than the jurisdictional amount." *Id.* "The amount in controversy is calculated when the complaint is filed; 'later events [cannot] increase the amount in controversy and give rise to jurisdiction that did not properly exist at the time of the complaint's filing.'" *Jacobs v. Geisinger Wyoming Med. Ctr.*, No. 21-3362, 2022 WL 1564193, at *1 (3d Cir. May 18, 2022). (quoting *St. Paul Mercury Indem. Co. v. Red Cab Co.*, 303 U.S. 283, 395-96 (1938)).

*Moses v. Lake*
Case No. 3:22-cv-0063
Order
Page **3** of **4**

## III. DISCUSSION

At the time the complaint was filed, Plaintiffs filed a claim for conversion and alleged punitive damages relating to Defendant intentionally destroying the fence that existed on the disputed portion of the property at issue in this case. Plaintiffs argue that their properly pled claim for punitive damages as part of their conversion cause of action satisfies the amount in controversy requirement. This Court agrees.

Although conversion does not apply to real property, *Ross v. Hodge*, 58 V.I. 292, 308 (2013) ("[c]onversion is an intentional exercise of dominion or control over a chattel"), and Plaintiffs conceded that the value of the fence at issue is less than $75,000, Plaintiffs seek punitive damages in their prayer for relief. "A claim for punitive damages must be considered in determining the amount in controversy unless the claim is 'patently frivolous and without foundation.'" *Quinones-Velazquez v. Maroulis*, 677 F. App'x 801, 804 (3d Cir. 2017). "To sustain a punitive damages claim in the Virgin Islands, a plaintiff must allege facts demonstrating that the defendant acted outrageously and with an evil motive or with a reckless indifference to the rights of others." *Francis v. Bridgestone Corp.*, No. CIV. 2010/30, 2011 WL 2710009, at *8 (D.V.I. July 12, 2011). The Court finds that the allegations set forth in the complaint are sufficient to satisfy the amount in controversy for purposes of diversity jurisdiction. Plaintiffs allege that, in October 2022, seven years after Defendant purchased the Lake Property during which Defendant accepted and acquiesced to the placement of the fence, and upon Defendant conducting a survey of the Lake Property for the first time, Defendant's agents destroyed the fence enclosing the Moses Property and excluded them from the disputed portion despite the open and obvious possession of that portion of land by Plaintiffs for more than 30 years. The Court finds that these allegations are sufficient to satisfy the requirement that punitive damages be pled with particularity and are not patently frivolous and without foundation. Since Plaintiffs seek punitive damages, it cannot be stated to a legal certainty that the value of Plaintiffs' conversion cause of action is below the jurisdictional requirement. *Huber v. Taylor*, 532 F.3d 237, 244 (3d Cir. 2008) ("claims for punitive damages '*will generally satisfy the amount in controversy requirement because it cannot be stated to a legal certainty that the value of the plaintiff's claim is below the statutory*

*minimum.'"*). The Court finds that Plaintiffs have pled sufficient facts to satisfy the jurisdictional requirement. Accordingly, it is hereby

**ORDERED** that Defendant's Motion to Dismiss the Amended Complaint, ECF No. 22, is **DENIED**.[1]

**Date:** May 23, 2023        */s/ Robert A. Molloy*
                              **ROBERT A. MOLLOY**
                              **Chief Judge**

---

[1] Because the Court is satisfied that Plaintiffs sufficiently pled facts to assert diversity jurisdiction based on their conversion claim, the Court finds it unnecessary to address Plaintiffs' alternative arguments in support of diversity jurisdiction.