IN THE DISTRICT COURT OF THE VIRGIN ISLANDS
DIVISION OF ST. THOMAS AND ST. JOHN

| | |
|---|---|
| IVEY MOSES, *et al.*, )<br>)<br>)<br>Plaintiffs, )<br>)<br>vs. )<br>)<br>JEROME LAKE, )<br>)<br>Defendant. ) | Civil No. 2022-63 |

## MEMORANDUM OPINION and ORDER

Before the Court is plaintiffs' Motion to Strike Affirmative Defenses. [ECF 54]. Defendant opposes the motion [ECF 61] and plaintiffs filed a reply [ECF63].

### I.   BACKGROUND

Plaintiffs Ivy Moses, Kaleen Moses, Karris Moses, and Melanie Moses filed this action on October 21, 2022, seeking injunctive relief and damages based on a claim of adverse possession over a portion of defendant Jerome Lake's neighboring property on St. John, U.S. Virgin Islands. [ECF 1]. Plaintiffs filed an amended complaint on December 21, 2022. [ECF 21]. On April 19, 2023, the Court held a hearing on the plaintiffs' motion for a preliminary injunction, and on June 8, 2023, the undersigned convened a Rule 16 scheduling conference, which resulted in a Trial Management Order governing discovery. [ECF 46]. The next day, on June 9, 2023, Jerome answered the amended complaint, raising 17 affirmative defenses. [ECF 48]. In the instant motion, plaintiffs challenge and move to strike five of the defenses as insufficiently pled: the third, sixth, tenth, eleventh and twelfth. [ECF 54].

### II.   LEGAL STANDARDS

> Under Federal Rule of Civil Procedure 12(f), a "court may strike from a pleading an insufficient defense or any redundant, immaterial, impertinent, or scandalous matter." Fed.R.Civ.P. 12(f). It is well-established that [b]ecause of the drastic nature of the remedy ... motions to strike are usually

> viewed with disfavor and will generally be denied unless the allegations have no possible relation to the controversy and may cause prejudice to one of the parties, or if the allegations confuse the issues.

*Charleswell v. Chase Manhattan Bank*, 2009 WL 4981730, at *2 (D.V.I. Dec. 8, 2009) (citations and internal quotation marks omitted); *see Savage v. Temple Univ.*, 2020 WL 5602651, at *2 (E.D. Pa. Sept. 18, 2020) (the moving party must show prejudice); *see also* 5C Charles Alan Wright & Arthur R. Miller, *Federal Practice and Procedure* § 1381 (3d ed. 2004) ("even when technically appropriate and well-founded, Rule 12(f) motions often are not granted in the absence of a showing of prejudice to the moving party").  Whether to grant a motion to strike is discretionary.  *Newborn Bros. Co. v. Albion Eng'g Co.*, 299 F.R.D. 90, 94 (D.N.J. 2014); *see also Sutton v. Chanceford Twp.*, 2017 WL 770586, at *2 (M.D. Pa. Feb. 28, 2017) ("rulings on motions to strike rest in the sound discretion of the court").

"[C]ourts should grant motions to strike only when 'the defense asserted could not possibly prevent recovery under any pleaded or inferable set of facts.'"  *Charleswell*, 2009 WL 4981730, at *2 (citation omitted).  "While the Third Circuit has not yet definitively addressed the issue, the overwhelming majority of the district courts in this Circuit have held, after cogent analysis, that th[e] plausibility standard [established in *Iqbal* and *Twombly*] does not apply to the pleading of affirmative defenses."  *Mifflinburg Tele. Inc. v. Criswell*, 80 F. Supp. 3d 566, 573 (M.D. Pa. 2015).  Rather, a party must merely "state" affirmative defenses under Rule 8(c).

> "[S]tating" an affirmative defense provides "fair notice" without specific factual allegations for each element of the defense as long as the defense is logically within the ambit of the general factual allegations in the litigation. Stated otherwise, the plaintiff must be able to infer why an affirmative defense may be germane to the litigation based on some general allegations in the pleadings. The facts may be threadbare, but they must be there.

*Id.* at 574; *see also Savage*, 2020 WL 5602651, at *6 (defendants are not required to detail the facts of defenses; courts look only to whether the affirmative defense provides fair notice of the issue involved);

*Weed v. Ally Fin., Inc.*, 2012 WL 2469544, at *4 (E.D. Pa. June 28, 2012) (defendant need only provide knowledge that the issue exists).

Further,

> the Third Circuit has instructed that a district court "should not grant a motion to strike a defense unless the insufficiency of the defense is clearly apparent." In evaluating the adequacy of a defense, courts in this District have explained that "[a]n affirmative defense is insufficient if 'it is not recognized as a defense to the cause of action.'"

*Newborn Bros.*, 299 F.R.D. at 93 (citations omitted); *Total Containment, Inc. v. Environ Prod., Inc.*, 1992 WL 208981, at *1 (E.D. Pa. Aug. 19, 1992) ("For Fed.R.Civ.P. 12(f), '[a]n affirmative defense is insufficient if it is not recognized as a defense to the cause of action.'" (citation omitted)). Additionally, where the sufficiency of the defense depends on disputed issues of fact, the Court should deny a motion to strike. *Dann v. Lincoln Nat'l Corp.*, 274 F.R.D. 139, 143 (E.D. Pa. 2011) (even in the absence of a disputed factual issue, "Rule 12(f) is not meant to afford an opportunity to determine disputed and substantial questions of law" (citation omitted)).

Finally, even where affirmative defenses are "entirely unmoored to the facts of the case," courts should strike them without prejudice and permit amendment. *Sutton*, 2017 WL 770586, at *3 (citing *Mifflinburg*, 80 F. Supp. 3d at 574); *see also Dann*, 274 F.R.D. at 146–47 (citing Fed. R. Civ. P. 15(a)(2) and finding justice would be served by permitting amendment).

### III. DISCUSSION

Plaintiffs challenge five of the 17 affirmative defenses Jerome raises as insufficient. As to the tenth (fraud), eleventh (mutual mistake of fact), and twelfth (unilateral mistake of fact) defenses, plaintiffs urge they are insufficiently pled in that they lack essential factual background. [ECF 54] at 3–4. With respect to the fraud defense specifically, plaintiffs contend the defense must comply with Federal Rule of Civil Procedure 9(b) and be pled with "particularity." *Id.* at 4. With respect to the third and sixth

defenses, which both allege unclean hands, plaintiffs contend these, too, must be pled with particularity in compliance with Rule 9(b), because the defendant will have to show fraud, unconscionability or bad faith in order to prevail. *Id.* at 4–6.

Jerome counters that the plaintiffs apply the wrong standards to the affirmative defenses, and that they have wholly failed to allege any prejudice. [ECF 61] at 4. He further argues that the testimony adduced at the preliminary injunction hearing puts plaintiffs on notice of the misrepresentations on which the fraud and mistake defenses are based. *Id.* at 5–7.

In their reply brief, plaintiffs flesh out their arguments in favor of striking the defenses, chiding the defendant for failing to supply "binding authority," and claiming that courts in the Third Circuit do not impose a "prejudice" requirement. [ECF 63] at 1–2. Further, plaintiffs emphasize a heightened pleading standard for the unclean hands affirmative defense, relying primarily on cases from the District of Delaware. *Id.* at 6–8. With respect to the fraud and mistake defenses, plaintiffs again aver that more factual detail is required. *Id.* at 9–11. Finally, plaintiffs argue Jerome should not be permitted to amend his Answer because the deadline in the Court's Trial Management Order has expired, and Jerome has not shown good cause to extend that deadline. *Id.* at 11–12.

As an initial matter, plaintiffs do not argue that any of the challenged defenses are not recognized as defenses to the causes of action pled, or that plaintiffs will be prejudiced if the affirmative defenses remain in the case. Further, with respect to the third and sixth defenses, which refer to "inequitable conduct" and "unclean hands," the Court finds they provide fair notice under the circumstances of this case. These issues are "logically within the ambit of the general factual allegations in the litigation." *Mifflinburg*, 80 F. Supp. 3d at 574. Plaintiffs do not, and cannot reasonably, claim surprise or prejudice due to the existence of these defenses in Jerome's Answer.

Similarly, as to the eleventh and twelfth defenses, which raise unilateral or mutual mistake of fact,

simply stating these defenses is sufficient under the circumstances. It is obvious from the nature of plaintiffs' allegations that the issue of mistake permeates this case. Where, as here, the allegations are essentially that plaintiffs erected a fence over property that, when surveyed, is shown to be part of defendant's parcel, it is sufficient to state affirmative defenses regarding mistake in the manner done here.

Finally, the Court considers the tenth defense of "fraud, deceit and bad faith." While there is some authority for the plaintiffs' proposition that any allegation sounding in fraud must be made with particularity, the law is not as clear cut as to such allegations in a defense as plaintiffs would have this Court accept. Moreover, neither party has provided the Court with any authority that considers the somewhat unique circumstances of this case, where the answer and affirmative defenses came after an extensive evidentiary hearing exploring the facts for purposes of determining whether injunctive relief was appropriate. Here the entire record is much more fully developed than in the usual case having only a plaintiff's allegations and a defendant's response to consider. Although "[l]itigants may not use Rule 12(f) motions to challenge the sufficiency of a defense based on the factual record,"[1] this observation more reasonably relates to a plaintiff's use of the record to defeat an affirmative defense then to a defendant's use of the record to support being able to maintain the defense. As a result, the Court finds the statement of the defense, coupled with the record in this case to date, provides plaintiffs with fair notice of the basis for this defense.

Accordingly, the premises considered, it is ORDERED that the motion to strike is DENIED.

**Dated:** November 15, 2023          S_____
                                     RUTH MILLER
                                     United States Magistrate Judge

---

[1] *2109971 ONTARIO INC. d/b/a Xcella Furniture v. BEST DEALS DISCOUNT FURNITURE LLC*, 2023 WL 3072756, at *4 (D.N.J. April 25, 2023) (citing *Tonka Corp. v. Rose Art Indus., Inc.*, 836 F. Supp. 200, 218 (D.N.J. 1993)).